## UNITED STATES v. ALASKA PACKERS' ASS'N.

Court of Appeals of District of Columbia.

Submitted October 4, 1928.   Decided January 7, 1929.

No. 4695.

Peyton Gordon, Leo A. Rover, and Dan M. Jackson, all of Washington, D. C., for the United States.

Geo. P. Hoover, F. W. Clements, and Lawrence H. Cake, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a final order of the Supreme Court of the District of Columbia, quashing the service of process upon the sole defendant in the case.

The action was brought below by the United States of America against the Alaska Packers' Association for the recovery of damages arising out of the sale of certain canned goods by the corporation to the government. The defendant association is a California corporation having its principal office and place of business in San Francisco, Cal., and having no office or place of business in the District of Columbia. It was alleged in the government's declaration that the cause of action sued upon had arisen in part in the District of Columbia, and the government claimed that therefore the action might be brought within the District, and process be issued therefrom to be served upon the corporation in the district wherein it was a resident. Accordingly a writ of summons was issued in the case by the clerk of the Supreme Court of the District of Columbia, and was served upon the corporation by the United States marshal for the Northern District of California, wherein its principal office is situate. No other service was made in the case. The corporation thereupon appeared specially and moved to quash the service of process thus attempted to be made upon it, claiming that it was unauthorized and void. The lower court found as a fact that part of the cause of action set out in the declaration arose in the District of Columbia, but nevertheless held that the court could not lawfully acquire jurisdiction in personam over the corporation by force of the process served in California. The service was therefore quashed, and this appeal was taken.

The venue of civil suits brought in the courts of the United States is governed in general by section 51 of the Judicial Code (R. S. § 739; 28 USCA § 112), which reads as follows, to wit:

"Civil Suits; Where to be Brought.— Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district

than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

This section was amended by Act of Congress of September 19, 1922 (chapter 345, 42 Stat. 849), by adding a proviso relating to venue and service of process in civil suits brought by or on behalf of the United States. The proviso was limited in time of operation to a period of three years only, but this was afterwards extended for another year, and was in force and effect when the action below was commenced. The proviso reads as follows, to wit:

"Provided, however, that any civil suit, action, or proceeding brought by or on behalf of the United States, or by or on behalf of any officer of the United States authorized by law to sue, may be brought in any district whereof the defendant is an inhabitant, or where there be more than one defendant in any district whereof any one of the defendants, being a necessary party, or being jointly, or jointly and severally, liable, is an inhabitant, or in any district wherein the cause of action or any part thereof arose; and in any such suit, action, or proceeding process, summons, or subpœna against any defendant issued from the District Court of the district wherein such suit is brought shall run in any other district, and service thereof upon any defendant may be made in any district within the United States or the territorial or insular possessions thereof in which any such defendant may be found with the same force and effect as if the same had been served within the district in which said suit, action, or proceeding is brought. The word 'district' and the words 'District Court' as used herein shall be construed to include the District of Columbia and the Supreme Court of the District of Columbia: Provided further, that this act shall be effective for a period of three years only, after which said section 51, chapter 4, as it exists in the present law shall be and remain in full force and effect."

The sole question before us relates to the construction to be placed upon the provisions for venue and service of process contained in the foregoing proviso. The government contends that it should be construed as authorizing the bringing of civil suits by the United States in any one of three jurisdictions and the service of process therein, to wit: (1) In the district whereof the defendant is an inhabitant; or (2) where there

be more than one defendant, in any district whereof any one of the defendants is an inhabitant; or (3) in any district wherein the cause of action, or any part thereof, arose, and this regardless of whether there be a sole defendant or several. The corporation, on the other hand, contends that the proviso should be construed as authorizing such suits and service of process as follows, to wit: (1) In any district whereof the defendant is an inhabitant; or (2) if there be more than one defendant, in any district whereof any one of the defendants is an inhabitant; or (3) in any district wherein the cause of action, or any part thereof, arose, but this only in case there be more than one defendant. Accordingly the exact issue between the parties is whether the provisions permitting such suits to be begun "in any district wherein the cause of action or any part thereof arose," and for service of process in such suits, applies only to those in which there are several defendants, or applies equally to suits in which there is but a single defendant. The lower court held that this provision does not apply to suits in which there is but a single defendant, and based this conclusion upon the opinion of the Supreme Court in Robertson v. Labor Board, 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119.

We think the ruling of the lower court is correct. It was held in the case of Robertson v. Railroad Labor Board, just cited, that section 310, par. (b), of the Transportation Act of 1920 (45 USCA § 142), which provides that the Railroad Labor Board, in case of the failure of a witness to comply with its subpœna to testify, may invoke the aid of "any United States District Court," and that such court may thereupon order the witness to comply with the subpœna, is to be construed consistently with the general rule limiting the jurisdiction of a District Court in personam (as distinguished from venue) to the district of which the defendant is an inhabitant or in which he can be found, and hence that a District Court, in a suit brought by the Board to compel the attendance of a witness, does not acquire jurisdiction over his person by service of its process in another district even though that of the witness' residence. In the course of the court's opinion, written by Mr. Justice Brandeis, it is said:

"Section 51 of the Judicial Code is a general provision regulating venue. The part pertinent here is that, with certain inapplicable exceptions, 'no civil suit shall be brought in any District Court against any

person by any original process or proceeding in any other district than that whereof he is an inhabitant.' It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant. The general provision as to venue contained in Judicial Code, § 51, has been departed from in various specific provisions which allow the plaintiff, in actions not local in their nature, some liberty in the selection of venue. Unrestricted choice was conferred upon the Labor Board by the section of Transportation Act of 1920, here involved (section 310). So far as venue is concerned, there is no ambiguity in the words 'any United States District Court.'

"Congress has also made a few clearly expressed and carefully guarded exceptions to the general rule of jurisdiction in personam stated above. In one instance, the Credit Mobilier Act of March 3, 1873, c. 226, § 4, 17 Stat. 485, 509 [45 USCA §§ 81, 88], it was provided that writs of subpoena to bring in parties defendant should run into any district. This broad power was to be exercised at the instance of the Attorney General in a single case in which, in order to give complete relief, it was necessary to join in one suit defendants living in different States. United States v. Union Pacific Railroad, 98 U. S. 569 [25 L. Ed. 143]. Under similar circumstances, but only for the period of three years, authority was granted generally by Act of September 19, 1922, c. 345, 42 Stat. 849 [28 USCA § 112], to institute a civil suit by, or on behalf of, the United States, either in the district of the residence of one of the necessary defendants or in that in which the cause of action arose; and to serve the process upon a defendant in any district. The Sherman Act of July 2, 1890, c. 647, § 5, 26 Stat. 209, 210 [15 USCA § 5], provides that when 'it shall appear to the court' in which a proceeding to restrain violations of the act is pending 'that the ends of justice require that other parties should be brought before the court' it may cause them to be summoned although they reside in some other district. The Clayton Act of October 15, 1914, c. 323, § 15, 38 Stat. 730, 737 [15 USCA § 25], contains a like provision. But no act has come to our attention in which such power had been conferred in a proceeding in a Circuit or District Court where a private citizen is the sole defendant and where the plaintiff is at liberty to commence the suit in the district of which the defendant is an inhabitant or in which he can be found."

It will be observed that the court in the foregoing opinion makes specific reference to the proviso involved in the present case, and states that "no act has come to our attention in which such power has been conferred in a proceeding in a Circuit or District Court where a private citizen is the sole defendant and where the plaintiff is at liberty to commence the suit in the district of which the defendant is an inhabitant or in which he can be found." The "power" thus referred to is that of causing parties to be summoned in a suit although they reside in some other district than that in which the suit is brought. According to our understanding this statement unmistakably implies that the proviso now in question does not grant such power in cases like the present one, wherein "a private citizen is the sole defendant and where the plaintiff is at liberty to commence the suit in the district of which the defendant is an inhabitant or in which he can be found." It is needless to add that we base our present decision upon our interpretation of the opinion of the Supreme Court, above quoted, and hold that the judgment of the lower court should be sustained upon that authority.

The decision appealed from is accordingly affirmed.