### FARMERS UNION SUPPLY CO. v. COLORADO & SOUTHERN RY. CO.

#### No. 5181.

District Court, N. D. Texas, Dallas Division.

Jan. 4, 1939.

Fred L. Wallace, of Fort Worth, Tex., and J. C. Street, of Denver, Colo., for the motion.

Leffingwell, Currie & Davis, of Dallas, Tex., opposed.

ATWELL, District Judge.

Suit is brought to collect an award by the Interstate Commerce Commission of $5,725.04, plus interest, and $1,000 attorney's fees.

The facts, about which there appears no dispute, as to the service, are, that the plaintiff is a Texas corporation and the defendant is a Colorado corporation. Upon the request of the plaintiff, citation was issued direct out of this court to the United States Marshal of Denver, Colorado, and by him served upon Robert Rice, Vice-President and General Manager of the defendant, at Denver. The defendant is doing no business in Texas.

The plaintiff claims the right to sue in this district and state is given to it by the Interstate Commerce Act, and points to paragraph 2 and paragraph 4 of Section 16. Title 49, U.S.C.A. Paragraph 2 provides that, "If a carrier does not comply with an order for the payment of money within the time limit in such order, the complainant, or any person for whose bene-

fit such order was made, may file in the district court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the road of the carrier runs, or in any State court of general jurisdiction having jurisdiction of the parties, a petition * * *."

Paragraph 4 of the Act deals with joinder of parties, process and judgment, and so far as pertinent here, is, "In such suits all parties in whose favor the commission may have made an award for damages by a single order may be joined as plaintiffs, and all of the carriers parties to such order awarding such damages may be joined as defendants, and such suit may be maintained by such joined plaintiffs and against such joined defendants in any district where any one of such joined plaintiffs could maintain such suit against any one of such joined defendants; and service of process against any one of such defendants as may not be found in the district where the suit is brought may be made in any district where such defendant carrier has its principal operating office. * *"

■ These two paragraphs do not support the plaintiff's contention. Paragraph 2 permits the filing of the suit where the plaintiff resides, or in which is located the principal operating office of the carrier, or through which a road of the carrier runs, or any state court of general jurisdiction having jurisdiction of the parties. Neither of those situations is present here. The fourth paragraph manifestly applies only and alone to joint actions. Such actions may be filed in the district of the plaintiff, or in the district of either of the defendants, and service will then run against the other defendants to their place of abode. That paragraph treats merely of joint actions. It has no applicability to an action against a single defendant.

■ The plaintiff is supported by a decision from this circuit, styled, Saint Louis Southwestern Ry. Co. v. S. Samuels & Co. 5 Cir., 211 F. 588. Section 51 of the Judicial Code, 28 U.S.C.A. § 112, is referred to in that opinion, and then Judge Pardee

treats of certain repealing sections. The opinion is not an analysis of the words of the statute. It must be conceded that it quotes from the brief of the plaintiff in that case, to the effect that the statute is highly remedial and was intended to be of instant use to the shipper who had been unable to realize upon an order issued in his favor by the Commission, and that court proceeding should be convenient and inexpensive to him. But nothing can be found in the opinion which so analyzes the sections relied upon by the plaintiff as to overturn the plain provisions of the Code with reference to venue. The Congress undoubtedly has authority to confer the right to have the process of the court of one district run into foreign districts. That has been accomplished, to some degree, by the new rules. But even the new rules are not applicable to this cause.

Another case directly in point, and where there was but one defendant, is, Graustein v. Rutland R. Co., D.C., 256 F. 409. In that case it is pointed out that if paragraph 2, section 16, intended to authorize process into an outside district, it would have said so, since Paragraph 4 shows that service outside of the district was thought of and provided for.

■ The limitation of service to the district is so well recognized that it is not attempted in outside territory unless specially provided for by some statute. United States v. Alaska, 58 App.D.C. 322, 30 F.2d 564; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Adair v. Employers' Reinsurance Corporation, D.C., 10 F.Supp. 725; Vicksburg Shreveport & Pacific Ry. Co. et al. v. Anderson-Tully Co., 256 U.S. 408, 41 S.Ct. 524, 65 L.Ed. 1020; Green v. Chicago B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916.

■ ■ Jurisdiction over a defendant outside of the court's district is of an exceptional character and may not be assumed without clear statutory authority. Such authority not being evident here, the motion to quash and dismiss must be sustained.