In re UNITED STATES CHRYSOTILE ASBESTOS CO.

(District Court, S. D. New York. April 22, 1918.)

BANKRUPTCY ☞213—POWERS OF COURT—DETERMINING VALIDITY OF MORT-
· GAGE.

Where a trustee has possession of mortgaged real estate in another state, the court of original jurisdiction has power to summarily determine the validity of the mortgage and to restrain a sale thereunder if it has jurisdiction over the person of the mortgagee; but the customary procedure is to permit a foreclosure suit to be brought in which the validity of the mortgage may be determined.

In Bankruptcy. In the matter of the United States Chrysotile Asbestos Company, bankrupt. On motion by trustee for injunction. Restraining order continued.

Saul S. Myers, of New York City, for trustee.
Alexander Dunnett, of St. Johnsbury, Vt., for Northern Trust Co.

AUGUSTUS N. HAND, District Judge. The trustee in bankruptcy has brought a proceeding in this court to sell certain real and personal property in Vermont, free from the lien of a mortgage which the trustee alleges was induced by fraudulent representations. After the Northern Trust Company of Philadelphia, which is the trustee of the mortgage, had appeared in the foregoing proceeding and obtained an adjournment, it instituted a suit to foreclose the mortgage in the United States District Court for the District of Vermont. The referee, before whom the proceeding to sell free from the lien of the mortgage is pending, has handed down an opinion in favor of such a sale. In order to sell free from the lien, without any interference from the foreclosure suit, the trustee has moved in this court to stay the Northern Trust Company from going on with that suit in Vermont, and served notice of motion by mail.

The Vermont property was in possession of the trustee in bankruptcy before the foreclosure suit was commenced by the Northern Trust Company. There is therefore no doubt that a summary proceeding might be had by the proper bankruptcy court to determine the validity of the mortgage. The court of original jurisdiction may be invoked for this purpose and notice by mail to a claimant outside the jurisdiction would seem to be sufficient to conclude his

rights in the property if he did not choose to come in and defend them. The customary method of procedure, however, in such a case is to allow the mortgagee to proceed by foreclosure. The validity of the mortgage can be tested in such a suit. In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316. It is, however, almost unnecessary to say that this court would have no power to restrain the Northern Trust Company from instituting the foreclosure suit in Vermont unless it could secure jurisdiction over the person of that company. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208. Counsel for the trustee in bankruptcy urgently insist that, since the Northern Trust Company is here contesting the proceeding to sell free from the lien of the mortgage, this court can enforce its jurisdiction by prohibiting that trust company from continuing foreclosure in Vermont.

There is, however, a distinct difference between an adjudication as to property outside the jurisdiction, such as a sale free from an underlying mortgage, and an order directed against the person of the Northern Trust Company when the latter is a resident of Philadelphia, and is not within the Southern district of New York.

The trust company, while insisting that the referee was without jurisdiction to order a sale of the Vermont property free from liens, did not take the position before the referee that the court had no personal jurisdiction over it, but appeared generally and obtained an adjournment. Under such circumstances, the only question is whether, the company being here to oppose an order of sale, this court can protect the proceeding by restraining the trust company from going on with the foreclosure suit in Vermont. I am inclined to think that it has the power; but, irrespective of that, and as a matter of discretion, I will only continue the restraining order upon the following terms and to the following extent:

(1) The trustee shall make no sales of property covered by the Vermont mortgage until the Northern Trust Company shall have time to review the referee's decision by an appeal to a judge of this court.

(2) The Vermont suit may proceed, and the trustee shall answer therein, except that the Northern Trust Company shall not go to a sale in the Vermont court without the further order of this court.

Settle order on notice.