ROBERTSON *v.* RAILROAD LABOR BOARD.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 739. Argued March 17, 18, 1925.—Decided June 8, 1925.

1. Section 310, par. b, of the Transportation Act, 1920, which provides that the Railroad Labor Board, in case of failure to comply with its subpoena to testify, may invoke the aid of " any United States District Court," and that such court may thereupon order the witness to comply with the subpoena, etc., is to be construed consistently with the general rule limiting jurisdiction of a district court *in personam* (as distinguished from venue) to the district of which the defendant is an inhabitant or in which he can be found. P. 622.

2. Hence a district court, in a suit brought by the Board to compel attendance of a witness, does not acquire jurisdiction over his person by service of its process in another district even though that of the witness' residence. *Id.*

3 Fed. (2d) 488, reversed.

JURISDICTIONAL APPEAL from a decree of the District Court overruling a motion to quash service of original process in a suit brought by the Railroad Labor Board to require the defendant to appear before it as a witness, and ordering him so to appear and to testify.

*Mr. Donald R. Richberg,* with whom *Mr. David E. Lilienthal* was on the brief, for the appellant.

*Mr. Robert N. Golding,* Special Assistant to the Attorney General, with whom the *Solicitor General* and *Mr. Weymouth Kirkland,* Special Assistant to the Attorney General, were on the brief, for the appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Transportation Act, 1920, February 28, 1920, c. 91, § 310, par. a, 41 Stat. 456, 472, authorizes the Railroad Labor Board, "for the efficient administration of the functions vested in" it, to require by subpoena "the attendance of any witness . . from any place in the United States at any designated place of hearing, and the taking of a deposition before any person having power to administer oaths." Paragraph 'b' provides: "In case of failure to comply with any subpoena [to testify] or in case of the contumacy of any witness appearing before the Labor Board, the Board may invoke the aid of any United States district court. Such court may thereupon order the witness to comply with the requirements of such subpoena, or to give evidence touching the matter in question, as the case may be."

Pursuant to paragraph 'a', the Board issued a subpoena to Robertson, a citizen and inhabitant of Cleveland, Ohio, commanding him to appear at its offices in Chicago, Illinois, on a day named, to testify concerning a dispute then being enquired into. The subpoena was served upon

Robertson at Cleveland by the United States marshal for the Northern District of Ohio. Robertson did not personally attend as commanded. But on the day named he appeared specially by his attorney, and challenging the jurisdiction of the Board over him, declined to appear and testify. Thereupon this suit was begun by the Board in the federal court for northern Illinois, Eastern Division, pursuant to paragraph 'b'.

The bill prayed that Robertson, the sole defendant, be ordered to appear before the Labor Board "at a time and place to be fixed by" it and make "full answer to any and all pertinent questions relating" to the matter under investigation, and for any other proper relief. The court issued, in the form customary in equity, a summons, directing the defendant to appear and answer. This summons was likewise served upon Robertson personally at Cleveland by the United States marshal for the Northern District of Ohio. By his attorney he again appeared specially and moved to quash the service on the ground that, being an inhabitant of Ohio and served there, he was not subject to the jurisdiction of the federal court for Illinois. The motion was overruled; Robertson then moved to dismiss the petition for lack of jurisdiction over the subject-matter of the suit; this motion was also overruled; Robertson declined to plead further; and a final decree was entered directing him "to appear before the Railroad Labor Board, upon due notice by said board, at a time and place to be designated therein, there to testify, to give evidence, and to give full, true and complete answer and response to any and all pertinent and relevant questions then and there propounded to him" concerning the subject matter of the enquiry. 3 Fed. (2d) 488. The case is here on appeal under § 238 of the Judicial Code, the questions of jurisdiction having been duly certified. Whether the court acquired jurisdiction over Robertson is the only question requiring decision.

Robertson contends that by the term "any United
States district court" Congress meant any such court
"of competent jurisdiction"; and that, under the appli-
cable law, no district court is of competent jurisdiction to
compel a defendant to obey its decree except that of the
district of which he is an inhabitant or of one in which he
is found. The Board contends that Congress intended by
the phrase to confer not only liberty to invoke the aid of
the court for any district, but power to compel the person
named as defendant to litigate in the district selected by
the Board, although he is not a citizen or inhabitant of it
and is not found therein. The question presented is one
of statutory construction. Congress clearly has the power
to authorize a suit under a federal law to be brought in
any inferior federal court. Congress has power, likewise,
to provide that the process of every district court shall
run into every part of the United States. *Toland* v.
*Sprague,* 12 Pet. 300, 328; *United States* v. *Union Pacific
R. R. Co.,* 98 U. S. 569, 604. But it has not done so
either by any general law or in terms by § 310 of Trans-
portation Act, 1920. The precise question is whether it
has impliedly done so by that provision.

In a civil suit *in personam* jurisdiction over the defend-
ant, as distinguished from venue, implies, among other
things, either voluntary appearance by him or service of
process upon him at a place where the officer serving it has
authority to execute a writ of summons. Under the gen-
eral provisions of law, a United States district court can-
not issue process beyond the limits of the district, *Hark-
ness* v. *Hyde,* 98 U. S. 476; *Ex parte Graham,* 3 Wash.
456; and a defendant in a civil suit can be subjected to its
jurisdiction *in personam* only by service within the dis-
trict. *Toland* v. *Sprague,* 12 Pet. 300, 330. Such was
the general rule established by the Judiciary Act of Sep-
tember 24, 1789, c. 20, § 11, 1 Stat. 73, 79, in accordance
with the practice at the common law. *Piquet* v. *Swan,*

5 Mason 35, 39 *et seq.*   And such has been the general rule ever since. *Munter* v. *Weil Corset Co.,* 261 U. S. 276, 279. No distinction has been drawn between the case where the plaintiff is the Government and where he is a private citizen.[1]

Section 51 of the Judicial Code is a general provision regulating venue. The part pertinent here is that, with certain inapplicable exceptions, " no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."[2]   It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant.   The general provision as to venue contained in Judicial Code, § 51, has been departed from in various specific provisions which allow the plaintiff, in actions not local in their nature, some liberty in the selection of venue.[3]   Unrestricted choice was conferred upon the Labor Board by the section of Trans-

---

[1] *United States* v. *Union Pacific R. R. Co.,* 98 U. S. 569, 601; *United States* v. *Crawford,* 47 Fed. 561.

[2] See *Galveston, etc. Ry. Co.* v. *Gonzales,* 151 U. S. 496; *Macon Grocery Co.* v. *Atlantic Coast Line R. R. Co.,* 215 U. S. 501; *Male* v. *Atchison, etc. Ry. Co.,* 240 U. S. 97. Compare *In re Hohorst,* 150 U. S. 653; *Stone* v. *United States,* 167 U. S. 178, 182; *Barrow S. S. Co.* v. *Kane,* 170 U. S. 100. The 'rule' applies even where it may result in barring the jurisdiction of every federal court because all the defendants are indispensable parties. *Shields* v. *Barrow,* 17 How. 130, 140-142; *Barney* v. *Baltimore City,* 6 Wall. 280; *Swan Land & Cattle Co.* v. *Frank,* 148 U. S. 603. Compare *Clearwater* v. *Meredith,* 21 How. 489; *Camp* v. *Gress,* 250 U. S. 308, 311, 314. Judicial Code, §§ 50, 52.

[3] See, for example, Judicial Code, §§ 43, 44, 45, 48; Acts of March 4, 1909, c. 320, § 35, 35 Stat. 1075, 1084; October 15, 1914, c. 323, § 12, 38 Stat. 730, 736; June 5, 1920, c. 250, § 33, 41 Stat. 988, 1007; September 7, 1916, c. 451, § 31, 39 Stat. 728, 738.

portation Act, 1920, here involved (§ 310). So far as venue is concerned, there is no ambiguity in the words "any United States district court."

Congress has also made a few clearly expressed and carefully guarded exceptions to the general rule of jurisdiction *in personam* stated above. In one instance, the Credit Mobilier Act, March 3, 1873, c. 226, § 4, 17 Stat. 485, 509, it was provided that writs of subpoena to bring in parties defendant should run into any district. This broad power was to be exercised at the instance of the Attorney General in a single case in which, in order to give complete relief, it was necessary to join in one suit defendants living in different States. *United States* v. *Union Pacific Railroad,* 98 U. S. 569. Under similar circumstances, but only for the period of three years, authority was granted generally by Act of September 19, 1922, c. 345, 42 Stat. 849, to institute a civil suit by, or on behalf of, the United States, either in the district of the residence of one of the necessary defendants or in that in which the cause of action arose; and to serve the process upon a defendant in any district. The Sherman Act, July 2, 1890, c. 647, § 5, 26 Stat. 209, 210, provides that when "it shall appear to the court" in which a proceeding to restrain violations of the Act is pending "that the ends of justice require that other parties should be brought before the court" it may cause them to be summoned although they reside in some other district. The Clayton Act, October 15, 1914, c. 323, § 15, 38 Stat. 730, 737, contains a like provision. But no act has come to our attention in which such power has been conferred in a proceeding in a circuit or district court[4] where a private citizen is

---

[4] Even the jurisdiction of the bankruptcy court is subject to the territorial limitation. *Lathrop* v. *Drake,* 91 U. S. 516, 517. Although the adjudication in one district brings the property of the bankrupt wherever situated into *custodia legis* (*Lazarus* v. *Prentice,* 234 U. S. 263), that court cannot issue an order upon a person in another

the sole defendant and where the plaintiff is at liberty to commence the suit in the district of which the defendant is an inhabitant or in which he can be found.[5]

As the Railroad Labor Board is charged generally with the adjustment of disputes between carriers and their employees, it may prove desirable to hold hearings at any place within the United States; and power to do so was expressly conferred. The Board may demand answers or the production of documentary evidence from one who attends such a hearing. The contumacy of a witness

district, not a party to the proceeding, to deliver it up. See *Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300, 311-312; *In re Geller*, 216 Fed. 558; *Progressive Building & Loan Co.* v. *Hall*, 220 Fed. 45; *In re United States Chrysotile Asbestos Co.*, 253 Fed. 294. Ancillary proceedings are brought in the other district. *Babbit* v. *Dutcher*, 216 U. S. 102. Resort is likewise had to ancillary proceedings to secure the evidence of a person living in another district. *Elkus, Petitioner*, 216 U. S. 115.

The Commerce Court created by Act of June 18, 1910, c. 309, 36 Stat. 539, could issue process through the United States. P. 541. Upon its repeal by Act of October 22, 1913, c. 32, 38 Stat. 208, 219, 220, it was provided that the process of the applicable district court might " run, be served, and be returnable anywhere in the United States "; but the venue of suits in the district courts was narrowly limited. See *Illinois Central R. R. Co.* v. *Public Utilities Comm.*, 245 U. S. 493; *Skinner & Eddy Corp.* v. *United States*, 249 U. S. 557, 563; *Peoria & Pekin Union Ry. Co.* v. *United States*, 263 U. S. 528, 535. Compare *Vicksburg, etc. Ry. Co.* v. *Anderson-Tully Co.*, 236 U. S. 408; *Graustein* v. *Rutland R. Co.*, 256 Fed. 409.

[5] Under the Materialmen's Act, August 13, 1894, c. 280, 28 Stat. 278, as amended February 24, 1905, c. 778, 33 Stat. 811, the action on the bond in the name of the United States must be brought in the district in which the contract was to be performed. This Court has held that jurisdiction of the persons of the defendants may be secured by service of process upon them in whatever district they may be found. *United States* v. *Congress Construction Co.*, 222 U. S. 199, 203. Compare suits by a national bank against the Comptroller of the Currency. Judicial Code, § 49; *First National Bank* v. *Williams*, 252 U. S. 504, 509.

appearing before the Board in any designated place of
hearing was thus one contingency for which it was neces-
sary to make provision.   Congress also granted to the
Labor Board in explicit language the broad power of
compelling a person to come from any place in the United
States to any designated place of hearing to furnish evi-
dence.[6]   The refusal of such person, who might be in any
district in the United States, to comply with such a sub-
poena was obviously a second contingency to be provided
for.   Unrestricted liberty of venue in invoking the aid
of a district court, referred to before, was clearly essential
to the complete exercise of the Board's powers and the
effective performance of its functions.   Moreover, this
unrestricted choice cannot subject to undue hardship any
defendant actually found within the district in which the
suit is brought.   But no reason is suggested why Congress
should have wished to compel every person summoned
either to obey the Board's administrative order without
question, or to litigate his right to refuse to do so in such
district, however remote from his home or temporary
residence, as the Board might select.   The Interstate
Commerce Commission which, throughout thirty-eight
years, has dealt in many different ways with most of the
railroads of the United States has never exercised, or
asserted, or sought to secure for itself, such broad powers.

---

[6] Compare Act of March 2, 1793, c. 22, § 6, 1 Stat. 333, 335; Rev.
Stat. § 876, as amended by Act of September 19, 1922, c. 344, 42
Stat. 848: also Acts of February 10, 1891, c. 128, 26 Stat. 743; July
15, 1913, c. 6, § 5, 38 Stat. 103, 106; September 26, 1914, c. 311, § 9,
38 Stat. 717, 722; October 15, 1914, c. 323, § 13, 38 Stat. 730, 736;
September 8, 1916, c. 463, § 706, 39 Stat. 756, 797; February 5, 1917,
c. 29, § 16, 39 Stat. 874, 886; October 6, 1917, c. 105, 40 Stat. 398,
399; October 22, 1919, c. 80, § 105, 41 Stat. 297, 300; June 10, 1920,
c. 285, § 4(g), 41 Stat. 1063, 1067; November 23, 1921, c. 136, § 1308,
42 Stat. 227, 310; September 21, 1922, c. 369, § 6 (b), 42 Stat. 998,
1002; June 2, 1924, c. 234, § 1004, 43 Stat. 253, 340; June 7, 1924,
c. 320, § 8, 43 Stat. 607, 609.

We are of opinion that by the phrase "any District Court of the United States" Congress meant any such court "of competent jurisdiction." The phrase "any court" is frequently used in the federal statutes and has been interpreted under similar circumstances as meaning "any court of competent jurisdiction."[7] By the general rule the jurisdiction of a district court *in personam* has been limited to the district of which the defendant is an inhabitant or in which he can be found. It would be an extraordinary thing if, while guarding so carefully all departure from the general rule, Congress had conferred the exceptional power here invoked upon a board whose functions are purely advisory (*Pennsylvania R. R. Co.* v. *Labor Board,* 261 U. S. 72; *Pennsylvania R. R. System Federation No. 90* v. *Pennsylvania R. R. Co.,* 267 U. S. 203) and which enters the district court, not to enforce a substantive right, but in an auxiliary proceeding to secure evidence from one who may be a stranger to the matter with which the Board is dealing. We think it has made no such extension by § 310 of Transportation Act, 1920. It is not lightly to be assumed that Congress intended to depart from a long established policy. *Panama Railroad Co.* v. *Johnson,* 264 U. S. 375, 384; *In re East River Towing Co.,* 266 U. S. 355, 367.

*Reversed.*

---

[7] Rev. Stat. § 4284; *Ex parte Slayton,* 105 U. S. 451; *In re Louisville & Cincinnati Packet Co.,* 223 Fed. 185; Rev. Stat. § 2103; *United States* v. *Crawford,* 47 Fed. 561. Compare Rev. Stat. § 1042; *United States* v. *Mills,* 11 App. D. C. 500, 504–507. The phrase has been used in other statutes in conferring the right to invoke judicial aid in compelling attendance as a witness. See statutes in note 6, *supra.*