**NEW YORK INDEMNITY CO. v. RASMUSSON et al.**

No. 236.

District Court, S. D. Texas, Corpus Christi Division.

Aug. 2, 1932.

Templeton, Brooks, Napier & Brown, of San Antonio, Tex., for plaintiff.

Leo Brewer, Olind H. Pitman, and I. M. Wilford, all of San Antonio, Tex., for defendants.

KENNERLY, District Judge.

This is a hearing on defendants' pleading, denominated a special demurrer, but treated as a motion questioning the jurisdiction of this court, the validity of the process, and the service of process upon defendants, in this cause.

The pleadings and exhibits filed in connection therewith disclose that Alfred Rasmusson, a nonresident of Texas, an employee of the White Sewing Machine Company, also a nonresident of Texas, was injured in the course of his employment, near Beeville, Tex., within this division of this district, on December 9, 1930, and died at Beeville from such injuries on December 12, 1930. The White Sewing Machine Company was an employer and subscriber, deceased was an employee, and plaintiff an insurance company which underwrote the liability of such employer to its employees, under the Texas Workmen's Compensation Law (title 130, articles 8306 to 8309, Texas Revised Civil Statutes of 1925 and amendments [Vernon's Ann. Civ. St. art. 8306 et seq.]).

Deceased was survived by his wife, Mrs. Mattie Rasmusson, a dependent daughter, Maxine Elinor Rasmusson, and a minor son, Daniel Click Rasmusson (section 8a, article 8306). Seasonably, a claim for compensation under such Compensation Law was duly made by such survivors, such claim heard by the industrial accident board (article 8307), and an award made by such board in favor of such survivors against plaintiff. Moving under such Compensation Law, plaintiff brings this suit against such survivors, and against Ralph N. Kellam and Leo Brewer (their attorneys), to set aside such award. Plaintiff

alleges that it is a citizen of the state of New York, that such survivors and defendant Kellam are citizens of the state of Pennsylvania, and that defendant Brewer is a citizen of Texas. It is alleged that Brewer resides in Bexar county, Tex., i. e. in the Western (and not in this) Judicial District. The matter in controversy, exclusive of interest and costs, exceeds $3,000.

1. That this court has *jurisdiction of the subject-matter* of this suit there can be no doubt. See section 5, article 8307, Texas Revised Civil Statutes of 1925 and amendments (as amended by Acts 1931, c. 224, § 1 [Vernon's Ann. Civ. St. art. 8307, § 5]),[1] and Ellis v. Associated Industries Ins. Corp. (C.

---

[1] Section 5 reads as follows: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice *bring suit in the county where the injury occurred* to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provision of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the Board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the Court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. The Industrial Accident Board shall furnish any interested party in said claim pending in Court upon request free of charge, with a certified copy of the notice of the employer becoming a subscriber filed with the Board and the same when properly certified to shall be admissible in evidence in any Court in this State upon trial of such claim therein pending and shall be prima facie proof of all facts stated in such notice in the trial of said cause unless same is denied under oath by the opposing party therein. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the Board shall certify the fact to the Commissioner of Insurance and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such association to do business in Texas."

C. A.) 24 F.(2d) 809, 810,[2] and cases there cited. Also subdivision 1, § 41, title 28, USCA.

■ 2. That this is *not a suit of a local nature,* within the meaning of sections 115, 116, and 118, title 28, USCA,[3] is clear. If the award against plaintiff in favor of defendants by the industrial accident board at Austin be held to be a res, within the meaning of such sections (and I do not so hold), the situs of such res is in the Western District of Texas, and not in this district. Jurisdiction in this district of the subject-matter of a suit to

■ 3. This not being a suit of a local nature, the process issued and served, on the theory that it is, is without effect and invalid, and should be quashed. Creager v. P. F. Collier & Son Co. (D. C.) 36 F.(2d) 781, 782.

■ 4. Neither the plaintiff nor the defendants being inhabitants of this district, it is certain that the *venue* is not in this district. See sections 112, 113, and 114, title 28, USCA[4]; Robertson v. Railroad Labor

set aside such award would not serve to transfer the situs of such res to this district.

---

[2] In this case, it is said: "The compensation law does not in terms restrict a review of the decisions of the board to the state courts. The provision that suit shall be brought in the county where the injury occurred is not infringed by bringing suit in the District Court which includes the county within its territorial jurisdiction, and that court was fully competent to render judgment in the premises, as diversity of citizenship and the necessary jurisdictional amount are shown. Texas Pipe Line Co. v. Ware (C. C. A.) 15 F.(2d) 171, certiorari denied, 273 U. S. 742, 47 S. Ct. 335, 71 L. Ed. 869; United Dredging Co. v. Lindberg (C. C. A.) 18 F.(2d) 453; [Chicago & N. W.] Railway Co. v. Whitton's Administrator, 13 Wall. 270, 20 L. Ed. 571."

[3] Sections 115, 116, and 118 read as follows:

"§ 115. In suits of local nature, where the defendant resides in a different district, in the same State, from that in which the suit is brought, the plaintiff may have original and final process against him, directed to the marshal of the district in which he resides."

"§ 116. Any suit of a local nature, at law or in equity, where the land or other subject matter of a fixed character lies partly in one district and partly in another, within the same State, may be brought in the district court of either district; and the court in which it is brought shall have jurisdiction to hear and decide it, and to cause mesne or final process to be issued and executed, as fully as if the said subject matter were wholly within the district for which such court is constituted."

"§ 118. When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appear-

ance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district; and when a part of the said real or personal property against which such proceedings shall be taken shall be within another district, but within the same State, such suit may be brought in either district in said State. Any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said district court, and thereupon the said court shall make an order setting aside the judgment therein and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law."

[4] Sections 112, 113, and 114 read as follows:

"§ 112. (a) Except as provided in sections 113 to 117 of this title, no person shall be arrested in one district for trial in another in any civil action before a district court; and, except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.

"(b) Any civil suit, action, or proceeding brought by or on behalf of the United States, or by or on behalf of any officer of the United States authorized by law to sue, may be brought in any district whereof the defendant is an inhabitant, or where there be more than one defendant in any district whereof any one of the defendants, being a necessary party, or being jointly, or jointly and severally, liable, is an inhabitant, or in any district wherein the cause of action or any part thereof arose; and in any such suit, action, or proceeding process, summons, or subpoena against any defendant issued from the district court of the district wherein such suit is brought shall run in any other district, and service thereof upon any defendant may be made in any district within the United States or the territorial or insular possessions thereof in which any such defendant may be found with the same force and effect as if the same had been served within the district in which said suit, action, or proceeding is brought. The word 'district' and the words 'district court' as used herein shall be construed to include the District of Columbia and the Supreme Court of the District of Columbia.

"(c) Paragraphs (b) and (c) of this section shall be effective for a period of four years after September 19, 1922, after which paragraph (a) alone shall be and remain in full force and effect."

"§ 113. When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the dis-

Board, 268 U. S. 621, 45 S. Ct. 621, 622, 69 L. Ed. 1121, and cases cited in footnote 2 thereto.

■ 5. The process issued in this case, and served on defendants in the respective districts of which they are inhabitants, is ineffective and void. In Robertson v. Railroad Labor Board, supra, it is said:

"Congress clearly has the power to authorize a suit under a federal law to be brought in any inferior federal court. Congress has power, likewise, to provide that the process of every District Court shall run into every part of the United States. Toland v. Sprague, 12 Pet. 300, 328, 9 L. Ed. 1093, 1104; United States v. Union P. R. Co., 98 U. S. 569, 604, 25 L. Ed. 143, 151. But it has not done so.

"* * * Under the general provisions of law, a United States District Court cannot issue process beyond the limits of the district. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Ex parte Graham, 3 Wash. C. C. 456 [Fed. Cas. No. 5,657]. And a defendant in a civil suit can be subjected to its jurisdiction in personam only by service within the district. Toland v. Sprague, 12 Pet. 300, 330, 9 L. Ed. 1093, 1105. Such was the general rule established by the Judiciary Act September 24, 1789, c. 20, § 11, 1 Stat. 73, 79 [Comp. Stat. Sec. 1033], in accordance with the practice at the common law. Picquet v. Swan, 5 Mason, 35, 39 et seq., Fed. Cas. No. 11,134. And such has been the general rule ever since. Munter v. Weil Corset Co., 261 U. S. 276, 279, 67 L. Ed. 652, 654, 43 S. Ct. 347."

There are some inapplicable exceptions under sections 113 and 114, and under certain legislation on special subjects, but this is the general rule, and is controlling here.

■ 6. Defendants have not, by reason of deceased's agreement to be bound by the provisions of the Workmen's Compensation Law, nor by defendants filing their claim with the industrial accident board, waived their privileges under sections 112, 113, and 114. Although a proceeding such as this to set aside an award of the industrial accident board is variously referred to as an appeal, review, etc., such proceeding is in fact a *new suit*, in which *new process*, etc., must issue. Section 5, article 8307, supra. See articles 1971, 1972, 1973, and 2021, Texas Revised Civil Statutes, 1925, which prescribe how suits are to be instituted. A suit in this court to set aside an award is of the same kind as in the state court, and is by "Original Process" within the meaning of section 112. Defendants, by their presence before such industrial accident board, do not thereby waive any rights or privileges in the new suit.

■ But whether defendants do, or do not, is not material since, as was said in Robertson v. Railroad Labor Board, supra: "It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. *It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant.*"

It follows, from what has been said, that defendants' motion should be sustained. Let an order be prepared accordingly.

---

trict where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same State."

"§ 114. When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division. All mesne and final process subject to the provisions of this section may be served and executed in any or all of the divisions of the district, or if the State contains more than one district, then in any of such districts, as provided in section 113 of this title. All prosecutions for crimes or offenses shall be had within the division of such districts where the same were committed, unless the court, or the judge thereof, upon the application of the defendant, shall order the cause to be transferred for prosecution to another division of the district. When a transfer is ordered by the court or judge, all the papers in the case, or certified copies thereof, shall be transmitted by the clerk, under the seal of the court, to the division to which the cause is so ordered transferred; and thereupon the cause shall be proceeded with in said division in the same manner as if the offense had been committed therein. In all cases of the removal of suits from the courts of a State to the district court of the United States such removal shall be to the United States district court in the division in which the county is situated from which the removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of United States courts, shall be deemed to refer to the terms of the United States district court in such division."