## SONKEN–GALAMBA CORPORATION et al. v. ATCHISON, T. & S. F. RY. CO. et al.

### No. 124.

District Court, W. D. Missouri, W. D.
Feb. 28, 1939.

I. J. Ringolsky, Wm. G. Boatright, and Harry L. Jacobs, all of Kansas City, Mo., for plaintiff.

Cooper, Neel & Sutherland, Lathrop, Crane, Reynolds, Sawyer & Mersereau, and Leslie A. Welch, all of Kansas City, Mo., for defendants.

OTIS, District Judge.

The plaintiffs allege in their complaint that they were engaged in the business of buying and selling scrap metal, that the defendant railroad companies and common carriers refused to carry at the lawful rates scrap metal tendered them by plaintiffs for transportation in interstate commerce. That refusal, it is alleged, damaged plaintiffs. A judgment for damages in the amount of $1,356,382.57 and for a reasonable attorney's fee is prayed.

The defendants have filed various motions. Generally they include "Motions to Dismiss," "Motions to Strike" and "Motions for More Definite Statement." Certain grounds relied on are common to several of the motions, other grounds are set up only in particular motions.

### Venue.

■ The defendants Missouri-Kansas-Texas Railroad Company of Texas, The Texas and Pacific Railway Company, The Atchison, Topeka & Santa Fé Railway Company, The Pennsylvania Railroad Company and the Gulf, Colorado and Santa Fé Railway Company, challenge the venue. Each is a citizen and resident of a state other than Missouri. They contend that Section 112, Title 28, U.S.C.; 28 U.S.C.A. § 112, governs. That statute provides, with exceptions, that "no civil suit shall be brought in any district court against any person * * * in any other district than that whereof he is an inhabitant." But plaintiffs contend, and rightly, that this case is governed by a special statute, Section 9, Title 49 U.S.C., 49 U.S.C.A. § 9, which provides that such a suit for damages as this may be brought "in any district court of the United States of competent jurisdiction." The argument that "any district court * * * of competent jurisdiction" is only the court of the one district in which the person sought to be sued is a citizen and resident robs the phrase "any district court" of all meaning. The opinion of the Supreme Court in Robertson v. Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L. Ed. 1119, destroys the argument. "Any district court * * * of competent jurisdiction" is the court of any district of which the defendant is an inhabitant or in which he can be found. So far as venue is concerned, "there is no ambiguity in the words." They give an "unrestricted choice." Id., 268 U.S. page 623, 45 S.Ct. page 623, 69 L.Ed. 1119.

### "Found" vel non.

The defendants which have raised the question of venue, not waiving that question, also have denied that they were "found" in the Western District of Missouri. They deny that the evidence introduced shows that they were doing business in this district and that the individuals served were more than mere soliciting agents, if they were agents in any sense. As to this contention on the part of each of these defendants what is chiefly a fact issue is presented. Upon the evidence, that issue must be resolved against each of these defendants, excepting only the Gulf, Colorado and Santa Fé Railway Company.

### Non-Carrier Defendants.

■ Two of the defendants, Zenk and Western Weighing & Inspection Bureau, are not common carriers. There contention is that liability for damages under the Act of February 4, 1887, 24 Stat. 382, under which the suit is brought, is confined to common carriers. And it is true that the only section of that Act which makes any reference to liability for damages (Section 8) is restricted *ipsissimis verbis* to common carriers. Plaintiffs' reliance in this connection upon Sections 42 and 49, Tit. 49, U.S.C., 49 U.S.C.A. §§ 42, 49, does not impress us. These defendants are not persons "interested in or affected by the rate" involved, so as to come within the meaning of Section 42, assuming arguendo—a very doubtful assumption—that a suit for damages is such a "proceeding" as is contemplated by that Section. Section 49 concerns proceedings in mandamus to compel "carriers" to furnish equal facilities to shippers. Because an officer of a carrier might be named in a mandamus proceeding and ordered to carry out, on behalf of his employer, the court's decree in mandamus, (in which case there is identity between the carrier and its officer, the officer is the arm and hand of the carrier), it does not follow that a statute authorizing a suit for damages against a carrier impliedly authorizes a suit for damages against one not a carrier (where there is no identity, although there may be coaction). From the more than fifty years that Section 8 has been in force we find no case—and none has been cited—in which any other than a common carrier has been held liable in damages under that section or under that section and any rule of general law. We conclude that no cause of action has been stated against the non-carrier defendants.

### The Missouri-Kansas-Texas Railroad Company.

■ The Missouri-Kansas-Texas Railroad Company, a resident and inhabitant of the Eastern District of Missouri, contends that it may be sued only in that district. It relies on Section 113 of Title 28 U.S.C., 28 U.S.C.A. § 113, contending that this is not a case in which the provision of that section—"if there are two or more defendants, residing in different districts of the State, it [the suit] may be brought in

**904**

either district"—applies. The basis of that contention is the further contention that no cause of action is stated in the complaint against the non-carrier defendants who are residents of the Western District. The last mentioned contention we have found is good. But that finding does not support the contention bottomed on it. The non-carrier defendant Zenk was made a defendant in good faith (we name that defendant specifically since we consider there is a real question whether the Western Weighing & Inspection Bureau is a suable entity) and he is none the less a defendant because he has a good legal defense. The fact that there shall be a defendant resident in the district in which the suit is brought is the only prerequisite the statute requires to the joining of a defendant resident in another district of the same state. If there is a defendant residing in the Western District—and there is—another defendant residing in the Eastern District may be sued in the Western District.

### Other Matters Considered.

The questions raised by the motions which have not been specifically discussed in this memorandum have been considered (but the applications for bills of particulars and orders requiring the complaint to be made more definite and certain will be ruled in separate orders).

### Orders.

The motion of The Atchison, Topeka & Santa Fé Railway Company to dismiss and its motion to strike are overruled. So ordered.

The motion of the Gulf, Colorado and Santa Fé Railway Company to dismiss is sustained. So ordered.

The motion of the Missouri-Kansas-Texas Railroad Company to dismiss and its motion to strike are overruled. So ordered.

The motion of the Missouri-Kansas-Texas Railroad Company of Texas and its motion to strike are overruled. So ordered.

The motion of the Texas and Pacific Railway Company to dismiss and its motion to strike are overruled. So ordered.

The motion of defendant, The Pennsylvania Railroad Company to dismiss and its motion to strike are overruled. So ordered.

The motion of W. J. Zenk to dismiss is sustained. So ordered.

The motion of Western Weighing & Inspection Bureau to dismiss is sustained. So ordered.

An exception is allowed to any party against whom any of the foregoing rulings is adverse.