**SONKEN–GALAMBA CORPORATION et al. v. ATCHISON, T. & S. F. RY. CO. et al.**

**No. 41.**

District Court, N. D. Texas, Fort Worth Division.

May 27, 1939.

they resorted to the purchase of old oil storage tanks, which they knocked and cut down into rather large sheets. These plaintiffs tendered great quantities of them to the railroads, the defendants among them, for shipment as scrap iron or scrap steel, and at the applicable rate, if such, as fixed by the Interstate Commerce Commission. These defendants, and many other railroads, refused to accept it as scrap, insisting that it was second-hand material and took a higher rate as fixed by the Commission. It came to a complete tie-up, on this point, between the railroads and such shippers.

The Interstate Commerce Act provides the remedy of mandamus for the shipper in such a situation. Title 49 U.S.C.A. § 49 provides:

"§ 49. Mandamus to obtain equal facilities for shippers. The district courts of the United States shall have jurisdiction upon the relation of any person or persons, firm, or corporation, alleging such violation by a common carrier, of any of the provisions of the preceding chapter, as prevents the relator from having interstate traffic moved by said common carrier at the same rates as are charged, or upon terms or conditions as favorable as those given by said common carrier for like traffic under similar conditions to any other shipper, to issue a writ or writs of mandamus against said common carrier, commanding such common carrier to move and transport the traffic, or to furnish cars or other facilities for transportation for the party applying for the writ: Provided, That if any question of fact as to the proper compensation to the common carrier for the service to be enforced by the writ is raised by the pleadings, the writ of peremptory mandamus may issue, notwithstanding such question of fact is undetermined, upon such terms as to security, payment of money into the court, or otherwise, as the court may think proper, pending the determination of the question of fact: Provided, That the remedy hereby given by writ of mandamus shall be cumulative, and shall not be held to exclude or interfere with other remedies provided by the preceding chapter."

Aubrey G. Alexander, of Fort Worth, Tex., and Ringolsky, Boatright & Jacobs and Bernard L. Glover, all of Kansas City, Mo., for plaintiffs.

R. S. Outlaw, of Chicago, Ill., Terry, Cavin & Mills and G. B. Ross, all of Galveston, Tex., and Wren & Jeffrey, of Fort Worth, Tex., for defendant Gulf, C. & S. F. Ry. Co.

C. S. Burg, of St. Louis, Mo., and Chas. C. Huff and G. H. Penland, both of Dallas, Tex., for defendant Missouri-Kansas-Texas Ry. Co. of Texas.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, Tex., and Robert Thompson, M. E. Clinton, and T. D. Gresham, all of Dallas, Tex., for defendant Texas & P. Ry. Co.

WILSON, District Judge.

In recent years there has been a heavy movement in this country of junk or scrap iron to our seaports, destined to foreign countries, presumably for manufacture into implements of war. This continued to a point well nigh beyond our railroad and shipping facilities. The plaintiffs were very large dealers in, and shippers of, such material. To meet this foreign demand

Pursuant to such Act, plaintiffs filed two mandamus suits in Missouri against many railroads and traffic agencies, including the Missouri-Kansas-Texas Railroad Company of Texas, one of the defendants here, and another in the United States District Court for the Northern District of

Texas at Fort Worth, against the Texas and Pacific Railway Company and the Gulf, Colorado and Santa Fe Railway Company, the other two defendants here. The issue in all those cases was, whether these cut down oil tanks, in the shape and condition tendered for shipment, under a definition prescribed by the Interstate Commerce Commission was, "fit only for re-melting purposes". If not, it came under the higher rate, as second-hand material. The case at Fort Worth was tried first to a jury, with a verdict and judgment against the defendant railroads. It was appealed to the Circuit Court of Appeals for the Fifth Circuit, and affirmed December 1, 1938, certiorari being denied by the Supreme Court, March 27, 1939. One after another, the other cases in Missouri were tried, also resulting in judgments below and on appeal against the railroads.

It presented most serious controversies for both sides, with possible loss and damage, pending their final termination. The Interstate Commerce Act, Title 49 U.S.C.A. § 8, with reference to such possible suits for damages, provides:

"§ 8. Liability in damages to persons injured by violation of law. In case any common carrier subject to the provisions of this chapter shall do, cause to be done, or permit to be done any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case."

Pursuant to this statute, suits for damages were filed by the plaintiffs against various alleged offending railroads and traffic agencies in Missouri and in Texas, among them this suit against the defendants at Fort Worth, in the United States District Court for the Northern District of Texas. The Northern District of Texas is composed of seven divisions, among them the Dallas and Fort Worth Divisions. The Texas and Pacific Railway Company and the Missouri-Kansas-Texas Railroad Company filed motions to transfer to the Dallas Division, and the Gulf, Colorado and Santa Fe Railway Company, a motion to dismiss. Admittedly the United States District Courts have jurisdiction of such suits. The question to be decided is purely one of venue. None of the defendants are inhabitants of the Fort Worth Division. The defendants, the Texas and Pacific Railway Company and the Missouri-Kansas-Texas Railroad Company are inhabitants of, and maintain their principal offices at, Dallas, in the Dallas Division. The Gulf, Colorado and Santa Fe Railway Company is an inhabitant of, and maintains its principal offices and place of business at Galveston, in the Southern District of Texas. Defendants insist that the venue of this suit is governed by Secs. 112, 113 and 114, 28 U.S.C.A. Those sections are as follows:

"§ 112. (Judicial Code, section 51, amended.) Civil suits; arrests in; district where brought; effective period. (a) Except as provided in sections 113 to 117 of this title, no person shall be arrested in one district for trial in another in any civil action before a district court; and, except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. * * *"

"§ 113. (Judicial Code, section 52.) Suits in States containing more than one district. When a State contains more than one district, every suit, not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district * * *."

"§ 114. (Judicial Code, section 53.) Districts containing more than one division; transfer of criminal cases. When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division. * * *"

Plaintiffs insist that the above statutes are not applicable but are general venue statutes; that the venue of this case is governed by Sec. 9 of Title 49 of U.S.C.A. the

Interstate Commerce Act; that same was an Act passed by Congress specifically to govern venue, where to file such suits for damages is the remedy, as in this case, selected by the shipper. That section reads:

"§ 9. Remedies of persons damaged; election; witnesses. Any person or persons claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, *in any district court of the United States of competent jurisdiction;* but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt. In any such action brought for the recovery of damages the court before which the same shall be pending may compel any director, officer, receiver, trustee, or agent of the corporation or company defendant in such suit to attend, appear, and testify in such case, and may compel the production of the books and papers of such corporation or company party to any such suit; the claim that any such testimony or evidence may tend to criminate the person giving such evidence shall not excuse such witness from testifying, but such evidence or testimony shall not be used against such person on the trial of any criminal proceeding." (Italics mine.)

The defendants assert that this section is not a venue statute, and particularly that Section 114, 28 U.S.C.A., supra, must be looked to for the venue of this suit and that it makes it in the Dallas Division of this District.

In Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 622, 69 L.Ed. 1119, the Supreme Court had before it a statute similar to 49 U.S.C.A. § 9. The statute there construed, provided: "In case of failure to comply with any subpœna * * * or in case of the contumacy of any witness appearing before the Labor Board, the Board may invoke the aid of any United States District Court." 45 U.S. C.A. § 142(b). Robertson contended that, in a proceeding under this statute in the Federal Court for the Northern District of Illinois, no personal jurisdiction was secured over him by service of summons up-

on him in the Northern District of Ohio, and that no District Court was of competent jurisdiction to compel him to obey its decree except that of the District of which he is an inhabitant or of one in which he is found; the same contention is made by defendants and supported by the same reasoning.

■ The Supreme Court said:

"Section 51 [Sec. 112, Title 28 U.S.C. A., supra] of the Judicial Code is a general provision regulating venue. The part pertinent here is that, with certain inapplicable exceptions, 'no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant.' It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant. The general provision as to venue contained in Judicial Code, § 51, has been departed from in various specific provisions which allow the plaintiff, in actions not local in their nature, some liberty in the selection of venue. *Unrestricted choice was conferred upon the Labor Board* by the section of Transportation Act 1920, here involved (Section 310 [49 U.S.C.A. § 142]). *So far as venue is concerned, there is no ambiguity in the words 'any United States District Court.'* "

The Court further said: "We are of opinion that by the phrase 'any District Court of the United States' Congress meant any such court 'of competent jurisdiction.' The phrase 'any court' is frequently used in the federal statutes and has been interpreted under similar circumstances as meaning 'any court of competent jurisdiction.' "

■ Sec. 9 of Title 49, U.S.C.A., which must govern us here, not only says, "any district court of the United States", but adds, "of competent jurisdiction". This is such a court, under that statute. It is not a question here, whether this court has personal jurisdiction over the Missouri-Kansas-Texas Railroad Company and the Texas and Pacific Railroad Company, nor is it a question of proper service upon them, for the Fort Worth Division. Nor do they really challenge the jurisdiction of the

court. Their contention is that the venue is in Dallas and this court must transfer it to Dallas and try it there. Though it might be contended that the question actually presented in the Robertson case was one of personal jurisdiction over him, rather than one of venue, the Supreme Court apparently considered it necessary to dispose of the question of venue before disposing of the question of personal jurisdiction over Robertson. Though the nature and the facts of the two cases are quite different, that being merely a proceeding and this a plenary suit, the construction and principles laid down are applicable here.

Judge Otis of Missouri, in the case of Sonken-Galamba Corporation et al. v. Atchison, Topeka & Santa Fe Railway Co. et al., D.C., 27 F.Supp. 902, 903, in effect, made the same holding.

These decisions support the construction that 49 U.S.C.A. § 9, is a venue statute. Since it is a special venue statute it controls the venue of this suit, insofar as it departs from the general venue statutes.

The motions to transfer of Texas and Pacific Railway Company and Missouri-Kansas-Texas Railroad Company of Texas are overruled.

I interpret the statement in the Robertson decision to the effect that "By the general rule the jurisdiction of a district court in personam has been limited to the district of which the defendant is an inhabitant or in which he may be found" to mean that 49 U.S.C.A. § 9 does not supersede the general statutes relating to the issuance and service of process. There is no reason that it should. In any event, the rule is that a special venue statute supersedes the general venue statutes only insofar as they cannot both be applied according to their terms. 28 U.S.C.A. § 113 reads in part: " * * * If there are two or more defendants residing in different districts of the State, it [the suit] may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides."

That provision fits exactly the situation we have here. Since two of the defendants do reside in the Northern District of Texas, a duplicate writ may properly be issued to the Santa Fe, directed to the marshal of the Southern District of Texas.

The motion to dismiss of Gulf, Colorado and Santa Fe Railway Company is also overruled. Orders may be drawn accordingly.