INTERSTATE COMMERCE COMMISSION
v. A. W. STICKLE & CO.
No. 368.

District Court, E. D. Oklahoma.
Feb. 6, 1941.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl., Jack Garrett Scott and Hallan Huffman, both of Washington, D. C., and Louis I. Dailey, of Little Rock, Ark., for plaintiff.

J. B. Dudley and Duke Duvall, both of Oklahoma City, Okl., for defendant.

RICE, District Judge.

The question now presented for determination in this cause is whether or not the Motor Carrier Act of 1935, Chapter 8, 49 U.S.C.A. § 301 et seq., particularly Section 322(b) thereof when read in connection with 321(c), operates as an exception to Section 51 of the Judicial Code, 28 U.S.C.A. § 112.

The defendant, A. W. Stickle & Company, a corporation, is a domestic corporation and has its principal office and place of business in Oklahoma City in the Western District of Oklahoma. The complaint filed herein so alleges. It is charged in the complaint that the defendant has been operating motor vehicles in interstate commerce through the Eastern District of Oklahoma in violation of the provisions of the Motor Carrier Act and Part 2 of the Interstate Commerce Act. The purpose of the suit is to enjoin the defendants from a continuance of the alleged violations of this law. Service of process upon the defendant was made by the United States Marshal for the Western District. The return so shows. The defendant has challenged the jurisdiction of this court on three grounds: First, that the summons herein was not issued, served and returned as required by law; second, that the defendant, A. W. Stickle & Company, a corporation, is an Oklahoma corporation with its principal and only office and place of business in Oklahoma City, Oklahoma County, Oklahoma, in the Western District of Oklahoma; third, that the venue of this action does not lie in the Eastern District of Oklahoma.

The sections of the Act of Congress in question are as follows:

"§ 321 * * * (c) Designation of agent for service of process. Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."

"§ 322 * * * (b) Jurisdiction of district courts to restrain violations and enforce orders. If any motor carrier or broker operates in violation of any provision of this chapter (except as to the reasonableness of rates, fares, or charges and the discriminatory character thereof), or any rule, regulation, requirement, or order thereunder, or of any term or condition of any certificate or permit, the Commission or its duly authorized agent may apply to the district court of the United States for any district where such motor carrier or broker operates, for the enforcement of such provision of this chapter, or of such rule, regulation, requirement, order, term, or condition; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or by other process, mandatory or otherwise, restraining such carrier or broker, his or its officers, agents, employees, and representatives from further violation of such provision of this chapter or of such rule, regulation, requirement, order, term, or condition and enjoining upon it or them obedience thereto."

The defendant, being a domestic corporation, is a resident of that district wherein its principal place of business is located, and, if this suit is controlled by Section 51 of the Judicial Code, the federal District Court for the Eastern District of

Oklahoma would have no jurisdiction of the defendant, since it was not served with process within this district. Union Guardian Trust Company et al. v. Detroit Trust Company et al., 6 Cir., 72 F.2d 120; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119. Both the plaintiff and the defendant concede the law to be that, unless Congress has provided otherwise, the defendant in a personal action must be sued in the district of his residence and that process out of the federal court of one district may not be served in another district except in those instances authorized by Congress.

■ It is within the power of Congress to provide for the bringing of a suit within any district of the United States and for the sending of process from that district into the other districts of the United States. Toland v. Sprague, 12 Pet. 300, 9 L.Ed. 1093; United States v. Union Pacific Railroad Company, 98 U.S. 569, 25 L.Ed. 143; Robertson v. Railroad Labor Board, supra; Eastman Co. v. Southern Photo Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; Continental Illinois National Bank & Trust Company v. Chicago, R. I. & P. Railway Company, 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110.

■ The Motor Carrier Act in the two sections quoted supra definitely gives to this court jurisdiction of the subject matter and venue. As to venue, the plaintiff has a free choice. See Robertson v. Railroad Labor Board, supra. Venue alone, however, does not settle the question. There may be venue without jurisdiction in personam. Jurisdiction in personam is obtained by the voluntary appearance of the defendant or by proper service of process at a place where the officer serving the same had authority so to do. The single and narrow question presented herein is whether or not the Motor Carrier Act may fairly be said to authorize the service of process upon this single defendant in the Western District of Oklahoma. This is a question of statutory construction.

An examination of other acts of Congress and the decisions construing them is helpful. Some are construed to be exceptions to Section 51 of the Judicial Code, as was the Clayton Act, 38 Stat. 730, in Eastman Co. v. Southern Photo Company, supra; the National Banking Law in First National Bank v. Williams, supra; the Materialmen's Act, 40 U.S.C.A. § 270, in United States v. Congress Construction Company, 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163; and paragraph 16 of the Interstate Commerce Act as amended June 18, 1910, Chapter 309, 36 Stats. 539, 554, 49 U.S.C.A. § 16, in Vicksburg Railway Company v. Anderson-Tully Company, 256 U.S. 408, 41 S.Ct. 524, 65 L.Ed. 1020. The contrary construction was placed upon the Transportation Act of 1920, section 310, paragraph b thereof, 45 U.S.C.A. § 142(b), in Robertson v. Railroad Labor Board, supra.

■ The construction of any statute depends upon the language and intent of the particular statute. In determining whether a narrow or a liberal construction is to be given to the provisions of this Act affecting venue and service of process, the purpose of the Act should be considered. The Motor Carrier Act is a comprehensive Act dealing with a relatively modern and rapidly growing method of interstate transportation. It brings within the scope of regulation by the Interstate Commerce Commission all of those operating by motor vehicle in interstate commerce, and requires that those so operating obtain from the Commission a certificate of public convenience and necessity. Violations of the provisions of the Act are made criminal and procedure is provided in the Act for preventing violations by injunction.

Congress had knowledge that many motor carriers within the scope of the Act operate in numerous states and federal judicial districts. Most states have more than one judicial district, yet Congress provided for only one service agent in each state. This service agent may reside at any designated place in the state. He may reside in a district through which the motor carrier does not operate. Paragraph 321 (c) of the Act provides that this agent may be served with process "issued by or under the authority of any court having jurisdiction of the subject matter". If no service agent is designated, then service "may be made upon any agent of such motor carrier within such State".

The defendant in this case is a resident of Oklahoma. That fact, however, has no controlling effect upon a proper interpretation of the Act. It is not contended herein that the defendant has designated a service agent for the State of Oklahoma. It is assumed that none has been appointed.

It is the conclusion of the court that, giving effect to the provisions of both paragraph 321(c) and paragraph 322(b) of the Act, the service of process in this case was proper, that it was the intention of Congress to authorize the sending of process out of the district through which a motor carrier operates and in which suit is brought to be served upon either the designated service agent of the motor carrier or any agent of such carrier within the state.

The motion of the defendant is overruled and the defendant is granted fifteen days from receipt of a copy of this memorandum opinion and order in which to file his responsive pleading.