## HOWARD v. UNITED STATES ex rel. ALEXANDER et al.

### No. 2402.

Circuit Court of Appeals, Tenth Circuit.

March 13, 1942.

G. F. Howard, pro se.

S. S. Alexander, U. S. Atty., of Topeka, Kan. (Lester Luther, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge, delivered the opinion of the court.

G. F. Howard instituted this action in the United States Court for Kansas against the United States ex rel. S. S. Alexander (United States Attorney for Kansas), and C. C. Cook, R. H. Allison, R. A. Davis, C. P. Dugan, D. W. Helt, F. F. Cowley, H. Hemenway, A. H. Jones, R. F. Ray, and J. H. Sylvester, members of the Third Division of the National Railroad Adjustment Board. The action was in mandamus to compel the Third Division of the Railroad Adjustment Board to hear and deter-

mine a proceeding which plaintiff had lodged with the Board wherein he sought reinstatement as agent and telegrapher for the Chicago, Burlington & Quincy Railroad Company, at Oberlin, Kansas, with restoration of rights of seniority and reimbursement for monetary losses sustained by his wrongful dismissal from such employment. Service of summons was had on the United States Attorney in Kansas but no service was had on any of the other defendants. The court dismissed the action, and plaintiff appealed.

The Railway Labor Act, as amended, 48 Stat. 1185, 45 U.S.C.A. § 153, prescribes the powers and duties of the National Labor Adjustment Board, and provides the manner in which enforcement of its orders may be obtained. The Board consists of thirty-six members, § 3(a), divided into four divisions, with the third division having jurisdiction over disputes involving inter alia station and telegraph employees, § 3(h); disputes between an employee or group of employees and a carrier or carriers growing out of grievances, rules, or working conditions, in case of inability to reach an agreement, may be referred by petition to the appropriate division of the Board, § 3(i); the parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, § 3(j); the awards of the several divisions shall be stated in writing, § 3(m); if a carrier fails to comply with an order within the time limit fixed therein, the United States Court for the district in which the petitioner or other person for whose benefit such order was made resides, or in which is located the principal operating office of such carrier, or through which the carrier operates, may in a proceeding instituted in the manner outlined make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order, § 3(p); and the several divisions of the Board shall maintain headquarters in Chicago, Illinois, shall meet regularly, and each division shall continue in session until disposition has been made of all matters submitted to it, § 3(r). The act does not expressly authorize the maintenance of an action of this kind. And it is completely

silent in respect to the court in which such an action may be maintained.

With few exceptions which have no bearing here, section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112, provides that no civil suit may be brought in any district court against any person by original process or proceeding in any district other than that of which he is an inhabitant. The headquarters of the Board are in Illinois, and it is not suggested that any member of the Board is a resident of Kansas. Jurisdiction over the defendant in a civil suit in personam implies either his voluntary appearance or service of process upon him at a place where the officer making service has authority of law to execute a writ of summons. Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119.

Rule of Civil Procedure 4(f), 28 U.S.C.A. following section 723c, provides that all process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, where a statute so provides, beyond the territorial limits of that state. Congress has undoubted power to authorize a suit under federal law to be brought in any United States district court, and to provide that process may run into any part of the United States; but it has not done so by general law. Robertson v. Railroad Labor Board, supra. Neither has it so ordained by special statute relating to an action of this kind.

The attempt to join the United States as a party defendant did not aid the plaintiff in his effort to invoke the jurisdiction of the court in Kansas. It is trite to say that the United States is exempt from being sued, except with its consent. And when it authorizes suits, they can be brought only in the designated courts. Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Shaw, Administrator De Bonis Non, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. We are not mindful of any statute giving consent to the maintenance in the court in Kansas of a suit of this kind against the United States.

The judgment is affirmed.