WOGAN BROS., Inc., v. AMERICAN SUGAR REFINING CO.

(District Court, E. D. Louisiana. July 1, 1914.)

No. 14,791.

Courts (§ 270*) — United States Courts — District in Which Suit is Brought.

Sherman Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), providing that any person injured by reason of any violation thereof, may sue in any Circuit Court in the district in which the defendant resides or is found, was not repealed by the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), which in section 289 abolishes the Circuit Courts, in section 24, par. 23, gives District Courts jurisdiction of all suits under any law to protect trade against restraints and monopolies, in section 291 provides that when, under any law not embraced within that act, any reference is made to, or any power or duty is conferred or imposed upon, the Circuit Courts, such reference shall be deemed to refer to and confer such power and impose such duty upon the District Courts, and in section 297 provides that all acts, in so far as they are embraced within or superseded by that act are thereby repealed, since the only radical change made by the Judicial Code was the abolition of the Circuit Courts, the purpose in other respects being to codify the existing law; and hence Judicial Code, § 51, requiring certain actions to be brought in the district of defendant's residence, does not apply to suits for violations of the Sherman Act.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. § 270.*]

Action by Wogan Bros., Incorporated, against the American Sugar Refining Company. On exception to the jurisdiction of the court. Exception overruled.

F. Rivers Richardson and Caffery, Quintero & Brumby, all of New Orleans, La., for complainant.

Carroll, Henderson & Carroll and Denegre, Leovy & Chaffe, all of New Orleans, La. (James M. Beck, of New York City, of counsel), for defendant.

FOSTER, District Judge. This is a suit for triple damages under the act of July 2, 1890, known as the Sherman Law. The plaintiffs are citizens of Louisiana, and the defendant is a corporation organized under the laws of New Jersey, but doing business in Louisiana and found within this district.

Defendant excepts to the jurisdiction of the court, on the ground that the action is between citizens of different states, and is also based on an act of Congress; and hence, by virtue of section 51 of the Judicial Code, defendant can only be sued in the district of its domicile. The exception is, of course, good, unless the court has jurisdiction of the case by virtue of section 7 of the Sherman Act, which provides that any person injured may sue therefor in any Circuit Court of the United States in the district in which the defendant is found.

The defendant contends that Congress in enacting the Judicial Code and abolishing the Circuit Courts by section 289, and vesting the District Courts with jurisdiction generally over suits arising under any law to protect trade and commerce against restraints and monopolies, by paragraph 23 of section 24, has placed all suits brought under the Sherman Act on the same footing with other suits, where both diversity of citizenship and a federal question are grounds of jurisdiction.

Defendant also relies upon section 291 of the Judicial Code and the last paragraph of section 297 as evidencing the intention of Congress to repeal the provisions of the Sherman Law allowing the plaintiff to sue in whatever district the defendant might be found.

Construing all of these sections together, I cannot agree with defendant's contention. The only radical change made by the Judicial Code was the abolition of the Circuit Courts. In all other respects it was the intention of Congress to codify existing law for the purpose of compiling it in more convenient form and logical sequence. Necessarily, in giving the District Court all the jurisdiction formerly possessed by the Circuit Court, new and appropriate legislation had to be enacted; but there can be no presumption that it was intended to deprive litigants under special acts of any rights they then possessed.

Clearly section 297 can have no application to the Sherman Act. There is no express repeal, and no part of it is either embraced within, or considered by, the Code. And section 291 is entirely destructive of the defendant's theory. Section 291 of the Judicial Code provides as follows:

"Wherever, in any law not embraced within this act, any reference is made to, or any power or duty is conferred or imposed upon, the Circuit Courts, such reference shall, upon the taking effect of this act, be deemed and held to refer to, and to confer such power and impose such duty upon, the District Courts."

Power is synonymous with jurisdiction. Section 291 is plain and unambiguous, and transfers to the District Courts all the jurisdiction and power that the Circuit Courts had with regard to the enforcement of the Sherman Law.

Entertaining these views, it is unnecessary to pass upon the question of estoppel raised by the plaintiffs.

The exception will be overruled.