## UNITED STATES v. PHILLIPS PETROLEUM CO. et al.

### Civil Action No. 182.

District Court, D. Delaware.

Jan. 10, 1941.

Thurman Arnold, Asst. Atty. Gen., Mac Asbill and W. B. Watson Snyder, Sp. Assts. to Atty. Gen., H. Douglas Weaver, Sp. Atty., of Washington, D. C., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for plaintiff.

Don Emery and Rayburn L. Foster, both of 'Bartlesville, Okl., and Richards, Layton & Finger, of Wilmington, Del., for defendants.

Before BIGGS, CLARK, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

The United States of America has filed a petition against the defendants, corporations of the State of Delaware, alleging that in the guise of dividends paid by the Pipe Line Company to the Petroleum Company, and more recently by the Petroleum Company operating the Pipe Line Company as a department or division, the Petroleum Company has received rebates in violation of 49 U.S.C.A. §§ 2, 6(7), and 49 U.S.C.A. § 41(1), Section 1 of the Elkins

Act. The United States pursuant to the provisions of 49 U.S.C.A. § 43, Section 3 of the Elkins Act, seeks a permanent injunction to prohibit the continuation of, or a return to, the practices complained of, and pursuant to the provisions of 49 U.S.C.A. § 41(3), the first section of the Elkins Act, as amended by the Hepburn Act, 34 Stat. 588, seeks the forfeiture of three times the sum of money or other valuable consideration received or accepted as rebates. It appears from the petition that the transportation of gasoline and petroleum by the Pipe Line Company took place outside of the District of Delaware and from an affidavit filed on behalf of the defendants it appears also that none of the acts complained of in the petition took place within the District of Delaware. For the purpose of disposing of the pending motions we will assume that the facts set forth in the affidavit are correct and we will treat them as if they had been alleged in the petition. We will also disregard any question which might arise by reason of the situs attributed to stock of a Delaware corporation by the law of Delaware.

The defendants have filed a motion and an alternative motion to dismiss the suit under Rule 12(b) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, alleging improper venue. The motion asserts that such a suit as that at bar may be brought only in the district where the acts complained of or some part of them were committed and that it does not appear from the petition that any of the acts complained of were committed in the District of Delaware while it appears to the contrary that the acts of transportation and the acts complained of took place outside of the District of Delaware. This motion is addressed to the whole suit. The alternative motion, however, moves for the dismissal of the action to the extent of the injunctive relief sought under Section 3 of the Elkins Act in the event the motion to dismiss the suit in its entirety is denied.

An expediting court was constituted upon the certificate of the Attorney General of the United States, filed pursuant to 49 U.S.C.A. § 44. Though the motions of the defendants are directed to questions of venue, none the less questions of jurisdiction arise also and we shall deal with them as well in this opinion.

As a preliminary proposition the defendants point out that Section 51 of the Ju-

dicial Code, 28 U.S.C.A. § 112, was in effect prior to the enactment of the Elkins Act and that the reenactment of Section 51 as part of the Judicial Code of 1911, 36 Stat. 1101, did not repeal the venue provisions of the Elkins Act. They also point out that neither the venue provisions of the act creating the Commerce Court, Act June 18, 1910, 36 Stat. 539, nor those of the act abolishing the Commerce Court, the Urgent Deficiencies Act of 1913, 38 Stat. 219, affected the venue provisions of the Elkins Act. In substance the defendants argue that Section 51 is not to be presumed to affect venue as prescribed by the Elkins Act, citing by way of analogy St. Louis Southwestern Ry. Co. v. S. Samuels & Co., 5 Cir., 211 F. 588, and Wogan Bros. Co., Inc. v. American Sugar Refining Company, D.C., 215 F. 273.

The defendants next deal specifically with the venue of what they term the injunction suit, viz., that portion of the petition setting forth the cause of action upon which the prayers for injunctive relief are based. Referring to Section 1 of the Elkins Act, they state correctly that they are charged with its violation. They then quote that portion of Section 1 which provides that violations of its provisions "shall be prosecuted in any court of the United States having jurisdiction of crimes within the district in which such violation was committed, or through which the transportation may have been conducted; and whenever the offense is begun in one jurisdiction and completed in another it may be dealt with, inquired of, tried, determined, and punished in either jurisdiction in the same manner as if the offense had been actually and wholly committed therein." They contend that the prosecutions contemplated in Section 1 are not limited to crimes despite the specific reference to jurisdiction of crimes which we have quoted, but on the contrary that these venue provisions apply with equal force to injunctive proceedings brought under Section 3 of the Elkins Act. In support of this argument the defendants point to the language of Section 3 to the effect that the Attorney General may prosecute injunctive proceedings and that the Expediting Act shall apply to any case so prosecuted under the direction of the Attorney General.

The defendants next refer to the venue provisions of Section 3 of the Elkins Act and argue that (since prior to the enactment of the Elkins Act no court had jurisdiction to enforce public tariffs or require discontinuance of discriminations, citing Missouri Pac. R. Co. v. United States, 189 U.S. 274, 23 S.Ct. 507, 47 L.Ed. 811) Congress by the venue provisions of Section 3 referred to that court which had been given jurisdiction by the Elkins Act itself. In short, the defendants seek to treat the venue provisions of Section 3 as though they related only to jurisdiction and to read the admitted venue provisions of Section 1 into Section 3 and to make them a part thereof by reference. Then, citing Section 2 of the Elkins Act, and contending that the Elkins Act is "entire" and that Congress intended it to stand on its own feet and not to rely on any other general law, the defendants conclude their argument.

In regard to that portion of the petition upon which the claim of forfeiture is based and which the defendants refer to as the penalty suit, the defendants contend that the phrase contained in 49 U.S.C.A. § 41 (3), added to the Elkins Act by the Hepburn Amendment, which provides that a suit to recover by way of forfeiture may be instituted "in any court of the United States of competent jurisdiction" is solely a jurisdictional provision and has no bearing upon venue. The defendants then argue that the venue provisions of Section 1 of the Elkins Act must apply to a suit for forfeiture which they allege is of the nature of a criminal proceeding. Congress, they say, could have had no intention to authorize such a suit (although civil) in any other district than that where the criminal offense was committed.

We have set forth the contentions of the defendants at such length because the questions here presented for our determination are of original impression. The views that we take of these questions, however, are quite different from those urged by the defendants.

It is true that the Elkins Act must be considered as a whole. When passed in 1903, 32 Stat. 847, it did not include 49 U.S.C.A. § 41(3), the forfeiture section. As we have stated, this was added by the Hepburn Act of 1906. Section 1 of the Elkins Act provided that anything done or omitted to be done by a corporate common carrier in violation of the provisions of the acts regulating commerce was a misdemeanor and fixed a penalty. Since many corporate common carriers operated in 1903, as now, in more than one state or federal district, Congress clearly had in

mind the fact that misdemeanors might be committed as part of continuous transportation operations carried on by such carriers in more than one state or district; viz., that a misdemeanor might be begun in one district and completed in another. Under such circumstances the question of venue of criminal actions might be expected to arise. Congress therefore provided for the venue of criminal prosecutions to be laid either in the district where the misdemeanor was commenced or where it was completed. Congress could not have fixed venue elsewhere in the light of Article III, Section 2, Clause 3, of the Constitution of the United States and the Sixth Amendment. The first section of the Elkins Act deals only with crimes. This is made plain by the use of the phrase "Every violation of this section shall be prosecuted in any court of the United States having jurisdiction of crimes within the district in which such violation was committed, or through which the transportation may have been conducted; * * *".

 Section 2 of the Elkins Act deals with the procedure for enforcing the provisions of the statutes relating to interstate commerce and provides for bringing into court additional parties other than carriers, persons interested in or affected by rates or regulations. In this portion of the statute Congress had in mind the enforcement of the Interstate Commerce Act, 49 U.S.C. A. § 1 et seq., as distinguished from punishment for its violation. Section 2 looks to proceedings of the nature of equitable proceedings.

 Section 3 of the Elkins Act provides for equitable proceedings to enforce expeditiously the provisions of the Interstate Commerce Act without the burden of formal pleadings and proceedings in equity. The pertinent portions of the section state that " * * * a petition may be presented alleging such facts to the district court of the United States sitting in equity having jurisdiction; and when the act complained of is alleged to have been committed or as being committed in part in more than one judicial district or State, it may be dealt with, inquired of, tried, and determined in either such judicial district or State, * * *". We conclude that the provision just quoted is a venue provision. This is so because it expressly deals with the courts in which the petition may be filed. It does not relate directly to jurisdiction for it does not purport to confer jurisdiction. A court may have jurisdiction of a cause of action and of the parties and yet venue may not be properly laid. Assuming the existence of jurisdiction, that part of the quotation following the semicolon permits the venue of an action to enjoin violations of the commerce laws of the United States to be laid in that district where the acts complained of are alleged to have been committed in part. This portion of Section 3, however, does not serve to fix the venue exclusively in a district where the acts complained of were committed in part. We turn to that portion of the quotation preceding the semicolon which provides that a petition to enjoin any alleged violation may be presented " * * to the circuit court of the United States sitting in equity having jurisdiction; * *." [1] These words if taken at their face value would indicate that a petition similar to the one at bar might be brought to any district court of the United States which has jurisdiction. Under Sections 24(1) and (8) of the Judicial Code as amended, 28 U.S.C.A. §§ 41(1, 8), any district court of the United States has original jurisdiction of such suits, viz., suits of a civil nature brought by the United States and suits arising under laws regulating commerce. Since the defendants are corporations organized under the laws of Delaware and are domiciled and resident therein, it is obvious they are subject to the jurisdiction of the District Court for the District of Delaware. Moreover, since they have been duly summoned by service upon their respective resident agents, they are properly before the court. The sole question remaining, therefore, is whether or not that portion of Section 3 which we have last quoted is to be construed in its naked simplicity. If we accept the words at their face value the defendants could be brought into any district court where the Attorney General or the Interstate Commerce Commission saw fit to sue them. We are of the opinion that this is not the law. We think that that portion of the venue provision of Section 3 of the Elkins Act last quoted is to be construed in the light of Section 51 (as amended) of the Judicial Code, 28 U.S.C.A. § 112, the

---

[1] The jurisdiction theretofore had by the circuit courts is vested in the district courts of the United States by the Judiciary Act of March 3, 1911, c. 231, sec. 291, 36 Stat. 1167; 28 U.S.C.A. § 431 note.

general venue section. Section 51 serves to limit the very broad language of the Elkins Act in this connection.

 In the case of Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 623, 69 L.Ed. 1119, the Supreme Court dealt with an analogous question. The Transportation Act, 1920, c. 91, Sec. 310, par. a, 41 Stat. 456, 472, 45 U.S.C.A. § 142 (a), authorized the Railroad Labor Board to require by subpoena the attendance of any witness from any place in the United States at any designated place of hearing and further provided that in case a witness failed to comply with the subpoena or in case of contumacy, the Labor Board might invoke the aid of any United States District Court. Robertson was summoned to appear in Chicago by the service of a subpoena upon him at Cleveland by the United States Marshal for the Northern District of Ohio. He appeared specially and contested the jurisdiction of the Board over him. Robertson contended that the words of the statute "any United States District Court" meant any such court "of competent jurisdiction". The Supreme Court upheld this contention, 268 U.S. at page 627, 45 S.Ct. 621, 69 L.Ed. 1119, citing Ex parte Slayton, 105 U.S. 451, 26 L.Ed. 1066. The Supreme Court by Mr. Justice Brandeis makes plain, 268 U.S. at pages 623 et seq., 45 S.Ct. 621, at page 624, 69 L.Ed. 1119, that the general venue provisions of Judicial Code, Sec. 51, are applicable to almost all suits filed in the district courts of the United States in which jurisdiction is sought in personam; that though these general venue provisions have been departed from in specific instances, these exceptions to the general rule of jurisdiction in personam are carefully guarded and have been permitted by Congress only in statutes of the greatest public importance. Otherwise, as Mr. Justice Brandeis stated, "* * * the jurisdiction of a District Court in personam has been limited to the district of which the defendant is an inhabitant * * *". There can be no doubt that under the general venue statute a corporation is an inhabitant of the state of its creation. Shaw v. Quincy Mining Company, 145 U.S. 444, 448, 449, 12 S.Ct. 935, 36 L.Ed. 768; Southern Pacific Company v. Denton, 146 U.S. 202, 205, 208, 13 S.Ct. 44, 36 L.Ed. 942; In re Keasbey & Mattison Company, 160 U.S. 221, 228, 229, 16 S.Ct. 273, 40 L.Ed. 402; Macon Grocery Company v. At-

lantic Coast Line Railroad Company, 215 U.S. 501, 504, 505, 508, 509, 510, 30 S.Ct. 184, 54 L.Ed. 300; Seaboard Rice Milling Company v. Chicago, Rock Island & Pacific Railway Company, 270 U.S. 363, 365, 366, 46 S.Ct. 247, 70 L.Ed. 633. Applying the principle of the Robertson case as well as that of the cases just cited to the facts averred in the case at bar, we have no doubt that venue in the instant suit is properly laid in the District Court of the United States for the District of Delaware.

 In conclusion upon this phase of the case we state that in our opinion no particular words had to be used by Congress to bring the proceedings contemplated by Section 3 of the Elkins Act within the purview of the general venue statute. The words "* * * a petition may be presented alleging such facts to the Circuit Court of the United States sitting in equity having jurisdiction * * *." are quite sufficient for this purpose. To read into Section 3 of the Elkins Act the venue provisions of Section 1 would do violence to the plain intention of Congress. On the other hand when the acts complained of are alleged to have been committed in part in more than one judicial district the Attorney General has his choice of instituting suit in either of such districts as well as in the district of the domicile where the corporation is an inhabitant. By using the conjunction "and" and the permissive verb "may" in the second clause of the venue provisions of Section 3, Congress gave a choice of venue to the Attorney General under the circumstances we have just indicated. Choice of venue arises where the acts complained of are alleged to have been committed in part in more than one judicial district. The fact, however, that the Attorney General has such a choice does not prevent him from instituting suit in the district of which the corporate carrier is an inhabitant.

 49 U.S.C.A. § 41(3), the Hepburn Amendment, authorizes and directs the Attorney General "* * * to institute in any court of the United States of competent jurisdiction, a civil action to collect * * *" the forfeiture specified in the section. The venue provisions just quoted are separate and distinct from the venue provisions of Sections 1 and 3 of the Elkins Act which in turn are separate and distinct from each other. Jurisdiction of such a cause of action is given to the district courts of the United States by Sections 24(1) and (9) of

the Judicial Code, as amended, 28 U.S.C.A. § 41(1, 9). We have already dealt with the jurisdiction of this court over the parties. The principle compelling the application of Section 51 as amended of the Judicial Code, the general venue statute, which we stated governed the venue of the injunctive proceedings in the case at bar brought under Section 3 of the Elkins Act, applies with equal force to the forfeiture suit before us. It should be noted that if the contentions of the defendants to the contrary are accepted, a civil action for forfeiture could be maintained in the district where the rebates were accepted only by the consent of the defendant unless such district happened also to be that district where the corporation is an inhabitant, viz., the domicile. See Oklahoma Packing . Company v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; Nierbo Co. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. It is clear that the forfeiture action was properly instituted in the District Court for the District of Delaware.

The two causes of action sued on were properly joined in one suit pursuant to the authority of Rules 18 and 20 of the Federal Rules of Civil Procedure.

Accordingly, the motion and the alternative motion to dismiss the petition are denied.