## UNITED STATES v. ADAMIC et al.
### Civil Action No. 1201.

District Court, W. D. New York.

Feb. 4, 1943.

Aubrey Lawrence, Department of Justice, of Washington, D. C., for plaintiff.

Henry S. Manley, of Albany, N. Y., for defendants.

KNIGHT, District Judge.

This is a motion to dismiss the complaints in some one hundred suits. All involve common questions of law and have been consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. They arise from the suit brought by the United States to have certain leases in Salamanca, Cattaraugus County, New York, declared null and void. The grounds for the motions are hereinafter stated and will be considered in the order they are stated.

### Ground I

The first and third causes of action should be dismissed upon the ground that the Seneca Nation of Indians is an essential plaintiff.

No merit is seen in this claim. The authority of the United States to bring the suit is not questioned. The United States is suing as guardian of the Indians in its sovereign capacity and in the carrying out of a governmental policy. The decision of the Supreme Court in Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 434, 56 L.Ed. 820, is controlling, and it is necessary only to quote certain portions of the opinion in that case. These are:

"It is further urged that there is a defect of parties, on account of the absence of the Indian grantors. * * *

"The argument necessarily proceeds upon the assumption that the representation of these Indians by the United States is of an incomplete or inadequate character; that although the United States, by virtue of the guardianship it has retained, is prosecuting this suit for the purpose of enforcing the restrictions Congress has imposed, and of thus securing possession to the Indians, their presence as parties to the suit is essential to their protection. This position is wholly untenable. There can be no more complete representation than that on the part of the United States in acting on behalf of these dependents, whom Congress, with respect to the restricted lands, has not yet released from tutelage. * * *

"When the United States instituted this suit, it undertook to represent, and did represent, the Indian grantors whose conveyances it sought to cancel. It was not necessary to make these grantors parties, for the government was in court on their behalf. Their presence as parties could not add to, or detract from, the effect of the proceedings to determine the violation of the restrictions and the consequent invalidity of the conveyances."

█ The reasoning in the foregoing case is definitely applicable to the cases in suit. There are many reported cases in which suits have been brought by the United States as Guardian of Indian Tribes against individuals or corporations. It is urged that the Seneca Nation should be included as a party plaintiff in order that the defendants may be insured of their rights to certain equitable defenses. This reasoning has no support because the equities available against the Indian Nation, on behalf of whom the suit is brought, are available against the United States. United States v. Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313; Folk v. United States, 8 Cir., 233 F. 177; Lemmon v. United States, 8 Cir., 106 F. 650.

## Ground II

The second cause of action should be dismissed upon the ground that the United States Indian Agent for the New York Indian Agency is an essential plaintiff.

█ No merit is seen in this claim. It is true that the act of February 28, 1901, 31 Stat. 819, provides: "That all moneys which shall belong to the Seneca Nation of New York Indians arising from existing leases or leases that may hereafter be made * * * shall be paid to and be recoverable to the United States Indian Agent for the New York Indian Agency for and in the name of the said Seneca Nation." This motion overlooks the fact that this is not an action for the collection of rents under any existing leases. All leases were cancelled as of the date of the notice of cancellation served on these defendants. It is evident that the Indian Agent had no authority to collect on these cancelled leases, since such authority is limited to "existing leases or leases that may hereafter be made."

█ Irrespective of the foregoing statute, it is believed that even assuming that these were actions to recover rent as such the United States could bring these suits. The agent is merely a representative of the government, and surely the government would have the authority to do that which it had delegated to its agent. As stated, this is not an action for the collection of rents but to recover amounts claimed to be due upon liabilities arising since the cancellation of the leases.

## Ground III

The first, second and third causes of action should be dismissed upon the ground that they are not within the jurisdiction of the court.

█ No merit is seen in this claim, and, indeed, counsel for the defendants expresses doubt of any merit. His position is that he does not waive any question. We assume that any question in the mind of the counsel for the defendants arises from the fact that at one time jurisdiction for the recovery of rents and the possession of real property in the County of Cattaraugus, wherein the lands in question are located, so far as the federal courts were concerned, was vested in the Circuit Court, and the District Courts in and for the Northern District. Cattaraugus County was in the Northern District. Obviously had there been no change in the boundaries of the Northern District this court would not have jurisdiction, but subsequently what is now known as the Western District of New York was separated from or taken out of the Northern District, and, as stated in the statute making such division, Cattaraugus County was specifically included in the Western District. Section 178, Title 28 U.S.C.A. R. S. § 541, Chapt. 391, Act of May 12, 1900, 31 Stat. 175. The foregoing statute also specified the jurisdiction of the

Western District and included the provision that the District Judge for the Western District of New York shall "succeed to and possess the same powers and perform the same duties, within the said Western District as are now possessed and performed by the district judge of the northern district of New York." Section 2. Attention is also called to the provisions of Title 28, Sec. 113, and Title 28, Sec. 112, U.S.C.A., which specifically fix the venue as laid here.

### Ground IV

The first cause of action is insufficient and should be dismissed.

■ There is no merit in this claim. As pointed out by the government and as admitted by the counsel for the defendants, this court is bound by the decision in the Circuit Court of Appeals in United States v. Forness, 2 Cir., 125 F.2d 928, 933, and opinion in that case is directly counter to the contention of the defendants.

### Ground V

The third cause of action is insufficient and should be dismissed.

■ No merit is seen in this claim. The third cause combines an action for possession and for the recovery of rent. Counsel in his brief states: "We suppose that the adverbs 'wrongfully' and 'unlawfully' add nothing to the facts stated, and that the withholding is to be judged for present purposes upon the facts. That being so, we urge against the third cause of action the same defects noted relative to the first." We repeat what we have said with reference to the last above-mentioned motion as to the first cause. Also it seems to be the contention of the defendants that the action for possession and for recovery of rent can not be combined, but this is not so in the light of the provisions of Rule 18 (a, b) of the Rules of Civil Procedure. Joinder such as set up in the third cause of action illustrates particularly one of the important features of the new Rules of Civil Procedure, because it affords a party right to relief available irrespective of whether it is legal or equitable or both. Vide United States v. Phillips Petroleum Co., D.C., 36 F.Supp. 480; Harlan v. Sparks, 10 Cir., 125 F.2d 502; Moore's Federal Practice, Vol. 2, p. 2111 and 1941 Supplement, p. 14; Ohlinger's Federal Practice, Vol. 3, p. 295. Clearly the common law can have no application. Counsel urges also the applicability of certain provisions of the Civil Practice Act of the State of New York. The answer that these have no application is found in decision of United States v. Forness, supra.

*The motions to dismiss in all of these cases are denied.*