**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**HAYS ROOFING & SUPPLY, INC., a corporation, Defendant-Appellee.**

**No. 71-2988.**

United States Court of Appeals, Ninth Circuit.

Jan. 23, 1974.

William D. Keller, U. S. Atty., L. Douglas Brown, Asst. U. S. Atty., Los Angeles, Cal., Walter H. Fleischer, Edwin E. Huddleson, III (Argued) Judith S. Ziss, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Oliver F. Green, Jr., William B. Campbell, Dennis E. Wollan, Geoffrey L. Thomas (Argued) of Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendant-appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and MURRAY,* District Judge.

WILLIAM D. MURRAY, District Judge:

This is an action by the United States against a shipper of goods in interstate commerce for imposition of civil forfei-

---

* Honorable W. D. Murray, Senior United States District Judge, District of Montana, sitting by designation.

tures under Section 222(h) of Part II of the Interstate Commerce Act. The lower court granted the motion to dismiss of appellee, Hays Roofing and Supply, Inc., and the government appealed. The judgment of the district court is affirmed.

The United States alleges that Hays Roofing hired James Owen Miller to transport its products by motor carrier from South Gate, California, to Phoenix, Arizona. The complaint also states that Hays was aware at the time of hiring that Miller did not have a certificate of public convenience and necessity or a permit issued by the Interstate Commerce Commission authorizing interstate operations. The government asks that judgment be entered against Hays in the amount of $6,000 pursuant to 49 U.S.C. 322(h).

Section 222(h) of the Interstate Commerce Act (49 U.S.C. 322(h)) provides in relevant part as follows:

"Any motor carrier, broker, or lessor, or other person, or any officer, agent, employee, or representative thereof, . . . who shall fail or refuse to comply with the provisions of section 303(c) or section 306(a)(1) or section 309(a)(1) of this title shall forfeit to the United States not to exceed $500 for each such offense . . . All forfeitures provided for in this subsection . . . shall be recoverable in a civil suit in the name of the United States . . . ."

Sections 303(c), 306(a)(1) and 309(a)(1) prohibit interstate transportation of goods by motor carriers unless the Interstate Commerce Commission has issued a certificate or permit authorizing such transportation. Section 303(c) states:

[N]o person shall engage in any for-hire transportation business by motor vehicle, in interstate or foreign commerce, . . . unless there is in force with respect to such person a certificate or a permit issued by the Commission authorizing such transportation. . . . "

The United States offers a three-prong argument to support its attempt to subject a shipper of goods in interstate commerce to civil forfeitures designed to punish motor carriers operating in violation of the Interstate Commerce Act. The government's first contention is that Section 322(h), as amended, applies to shippers as well as motor carriers. This contention must be rejected.

■ Section 322(h) is applicable only when a motor carrier, broker, lessor, or "other person" fails or refuses to comply with the provisions of Sections 303(c), 306(a)(1) or 309(a)(1). Section 303(c) applies only to motor carriers i. e. those who "engage in any for-hire transportation business by motor vehicle." See United States v. Williamson, 235 F. Supp. 836, 837 (S.D.Tex.1964). Hays Roofing has not engaged in any for-hire transportation business by motor carrier, and therefore could not possibly have violated Section 303(c).

No contention is made that Hays Roofing is either a common carrier or a contract carrier by motor vehicle, and thus Hays Roofing could not have violated Section 306(a)(1) or Section 309(a)(1). The inescapable conclusion is that Hays Roofing, as a shipper, cannot be subjected to the civil-forfeiture provisions of Section 322(h). United States v. Mont Stahlman Lumber, Inc., 362 F.Supp. 826, 828 (W.D.Pa.1973).

■ The government next argues that it can impose civil forfeitures upon the appellee by utilizing Section 2 of the Elkins Act in conjunction with Section 322(h). Section 2 of the Elkins Act, as amended, 49 U.S.C. 42, provides:

"In any proceeding for the enforcement of the provisions of the statutes relating to interstate commerce, whether such proceeding be instituted before the Interstate Commerce Commission or be begun originally in any district court of the United States, it shall be lawful to include as parties, in addition to the carrier, all persons interested in or affected by the rate,

regulation, or practice under consideration, and inquiries, investigations, orders, and decrees may be made with reference to and against such additional parties in the same manner, to the same extent, and subject to the same provisions as are or shall be authorized by law with respect to carriers."

The government cites no cases, and the court has found none, in which Section 2 of the Elkins Act was used in the manner desired by the government here. The Elkins Act has been used extensively to subject shippers to equitable proceedings such as injunctions. This fact prompted the court in United States v. Phillips Petroleum Company, 36 F.Supp. 480 (D.Del.1941), to state that this section is aimed at enforcement of the Interstate Commerce Act as distinguished from punishment for its violation. *Phillips, supra* at 484.

Since Section 2 was drafted before the concept of civil forfeitures in Interstate Commerce cases was presented to Congress, the authors of the Elkins Act could not have intended this section to be a vehicle for punitive measures like those requested in this case. This court perceives no compelling reason for the expansion of Section 2 of the Elkins Act to encompass civil forfeitures by shippers. The punitive character of civil forfeiture requires a restrictive reading of the statute that is not necessary when the court is dealing with equitable measures serving remedial functions.

■ Finally, the government complaint alleges that a shipper can be subject to civil forfeitures pursuant to 18 U.S.C. Section 2 if it aids and abets a motor carrier in violating the Interstate Commerce Act. This allegation, however, appears to have been abandoned by the government in the light of United States v. American Carpet Mills, Inc.,

N.D.Ga., Civil Action No. 2180, June 22, 1970, which held that civil forfeitures under 322(h) could not be imposed on a shipper by virtue of the criminal aiding and abetting statute.

However, we need not rely on *American Carpet Mills* here since it is the opinion of the court that the activities of Hays Roofing in this case were not sufficient to constitute aiding and abetting. Under the test developed in United States v. Williamson, supra, knowledge that the motor carrier was operating without a certificate from the I.C.C. is not in itself sufficient to support a conviction under the aiding and abetting statute.

"Concluding, it should be made clear that the foregoing should not be construed as a holding that a shipper, or other person, may not conspire with a carrier to violate § 303(c); or that a shipper, or other person, may not be guilty as an aider or abettor if, in fact, he 'aids, abets, counsels, commands, induces or procures' the violation. The holding simply is that the knowing shipment of his goods by a shipper, and the payment of the proper tariff, does not constitute such shipper an aider or abettor. Such conduct merely makes it possible for the carrier to violate the law." *Williamson,* supra at 838, 839 of 235 F. Supp.

This rule has been followed consistently in cases decided under the aiding and abetting statute. In United States v. J. & J. Truck Leasing, 258 F.Supp. 105 (D.Kan.1966), the court re-stated the rule and then went on to note the additional facts necessary to gain a conviction against a shipper for aiding and abetting a carrier's violation of the provisions of the Interstate Commerce Act. Those facts are not present in this case.[1] Most recently, the rule stated in *Williamson* was followed in United States v.

---

1. Facts established in *J. & J. Truck Leasing* included substantially lower shipping rates, a sufficient number of licensed carriers in the vicinity of the shipper to handle shipper de-

mands, and false billing descriptions of such transportation costs as "truck rental" rather than freight charges.

Mont Stahlman Lumber, supra. The court stated in that case:

"Under this court's understanding of the law, a shipper may aid and abet a carrier in violating §§ 303(c), 306(a)(1) and 309(a)(1), but the shipper must do more than merely hire the carrier despite knowledge that the carrier does not have proper authorization from the ICC." Mont Stahlman, supra at 828, 829 of 362 F. Supp.

Under this test, Hays Roofing did not aid and abet Miller in his violation of the Interstate Commerce Act. Consequently, there is no merit in the government's argument that civil forfeitures can be imposed on Hays Roofing by means of the aiding and abetting statute.

Affirmed.